UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL SILVER,<br><br>        Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,<br><br>        Defendant. | Case No. 14-cv-0652-PJH<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

On January 13, 2016, defendant's motion for summary judgment came on for hearing before this court. Plaintiff Neil Silver ("plaintiff") appeared through his counsel, Matthew Loker. Defendant Pennsylvania Higher Education Assistance Agency ("defendant" or "PHEAA") appeared through its counsel, Donald Bradley. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This putative class action arises under the Telephone Consumer Protection Act ("TCPA"), which, in relevant part, prohibits the making of any call, without the prior express consent of the called party, using an automatic telephone dialing system or an artificial or prerecorded voice, to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A).

Plaintiff Neil Silver alleges that, in or around January 2014, defendant PHEAA

1  began calling his cellular phone in an attempt to collect a debt.[1]  Plaintiff alleges that he
2  requested that defendant not contact him by means other than mail, but that the calls
3  continued, including two calls placed on January 29, 2014.  First Amended Complaint
4  ("FAC"), ¶¶ 10, 11.

5  Plaintiff filed this action on February 12, 2014, and filed the operative FAC on April
6  7, 2015.  Plaintiff seeks to represent a putative class of "[a]ll persons within the United
7  States who received any calls from defendant, or its agent(s) and/or employee(s), to said
8  person's cellular telephone, through the use of any automatic telephone dialing system,
9  within the four years prior to the filing of the complaint."  FAC, ¶ 18.  The FAC asserts two
10 causes of action against defendant:  (1) negligent violation of the TCPA, and (2) knowing
11 and/or willful violation of the TCPA.

12 At a case management conference in March 2015, the court granted defendant's
13 request to file this early motion for summary judgment.  See Dkt. 36.

## DISCUSSION

A.  Legal Standard

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense."  Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Material facts are those that might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable

---

[1] While the FAC alleges that the calls were an attempt to "collect a debt that plaintiff does not owe," plaintiff subsequently admitted in his deposition that he did in fact owe a balance on his student loan debt.  Compare FAC, ¶ 10 with Dkt. 47-4, Ex. A at 84:11-13.

2

jury to return a verdict for the nonmoving party.  Id.

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may carry its initial burden of production by submitting admissible "evidence negating an essential element of the nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1105-06 (9th Cir. 2000); see also Celotex, 477 U.S. at 324-25 (moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case).

When the moving party has carried its burden, the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial. Fed. R. Civ. P. 56(c), (e).  But allegedly disputed facts must be material – the existence of only "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48.

When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. Id. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011).

B.   Legal Analysis

Defendant's motion is based on three independent arguments:  (1) the TCPA was recently amended to exempt phone calls related to the collection of federally funded student loan accounts, (2) plaintiff consented to the telephone calls at issue, and (3) the calls at issue were not placed using an automated telephone dialing system or an artificial or prerecorded voice, as required by the statute.

Starting with (1), defendant points to a TCPA amendment that was enacted as part

of the 2015 federal budget legislation, which amended the statute as follows (with the amendment underlined):

> (1) It shall be unlawful for any person
>
> . . .
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, or other radio common carrier service, or any service for which the called party is charged for the call, <u>unless such call is made solely to collect a debt owed to or guaranteed by the United States</u>.

47 U.S.C. § 227(b)(1)(A)(iii).

Defendant argues that there is no dispute that the loans at issue in this case were federally funded student loans, and thus, the only issue is whether the TCPA amendment can be applied retroactively to bar plaintiff's current action.

The Supreme Court addressed the issue of retroactive application of a statute in <u>Landgraf v. USI Film Products</u>, 511 U.S. 244 (1994). The Court started by acknowledging the "apparent tension" between the rule that "a court is to apply the law in effect at the time it renders its decision," and the axiom that "retroactivity is not favored in the law." <u>Id</u>. at 264 (internal citations omitted). The Court also made clear that "[a] statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment," but "[r]ather, the court must ask whether the new provision attached new legal consequences to events completed before its enactment." <u>Id</u>. at 269-70. With those principles in mind, the Court articulated the relevant test as follows:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly

4

> prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

511 U.S. at 280.

The parties first dispute whether "Congress has expressly prescribed the statute's proper reach." While defendant argues that Congress was silent on the amended statute's retroactivity, plaintiff argues that the statute "requires the [FCC] to issue regulations to implement its TCPA changes within nine (9) months of the date of the enactment of the bill," and because those implementing regulations have not been prescribed, the amendment does not apply. However, plaintiff cites no authority for his argument that a statute has no legal effect until implementing regulations are put in place. The court finds that the relevant TCPA amendment is indeed silent on the issue of retroactivity, and thus, it will move to the second part of the Landgraf test – "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."

The court finds that none of these three conditions are met. Specifically, rather than "increas[ing] a party's liability for past conduct," the amendment actually decreases liability for past conduct, by creating an exception for telephone calls "made solely to collect a debt owed to or guaranteed by the United States." Similarly, rather than "impos[ing] new duties with respect to transactions already completed," the amendment eliminates certain duties with respect to completed transactions.

On the issue of whether the amendment "would impair rights a party possessed when he acted," plaintiff argues that the amendment "substantively impairs plaintiff's rights since the amendment, once it is implemented by the FCC, will potentially waive future lawsuits against collectors like defendant." Dkt. 48 at 4-5. However, merely

impairing the ability to bring a lawsuit does not provide a sufficient basis, under Landgraf, to bar retroactive application.

The Ninth Circuit addressed a similar issue in Southwest Center for Biological Diversity v. U.S. Dept. of Agriculture, 314 F.3d 1060 (9th Cir. 2002).  In that case, plaintiff filed a request under the Freedom of Information Act ("FOIA"), seeking information about a species of bird that environmentalists believed should be placed on the endangered species list.  The government provided only a portion of the requested information, so the plaintiff filed suit under FOIA.  During the pendency of the suit, Congress enacted a statute providing that "information concerning the nature and specific location of a National Park System resource which is endangered, threatened, [or] rare . . . may be withheld from the public in response to a request under [FOIA]."  Id. at 1061.

The Ninth Circuit held that the FOIA exemption was properly applied to the plaintiff's suit, even though it was enacted after the suit's filing.  The court rejected the plaintiff's argument that its "right to the information" was impaired, holding that the plaintiff "took no action in reliance on prior law that qualifies under Landgraf."  314 F.3d at 1062.  The court also specifically held that the plaintiff's "expectation of success in its litigation is not the kind of settled expectation protected by Landgraf's presumption against retroactivity," because "if that expectation were sufficient then no statute would ever apply to a pending case unless Congress expressly made it so applicable," which would render the Landgraf test "pointless."  Id. at 1062, n.1.

As in Southwest Center for Biological Diversity, plaintiff in this case claims that his right to success in this suit would be impaired by application of the after-arising statute.  But for the reasons expressed by the Ninth Circuit, such an impairment is not sufficient.  Accordingly, having failed to meet any of the three conditions identified in Landgraf (i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed), the court finds that applying the TCPA amendment would not have a "retroactive effect," as that term was defined by the Landgraf Court.  Further, just as the

Southwest Center for Biological Diversity court found that "application of the [FOIA] exemption furthers Congress's intent to protect information regarding threatened or rare resources of the National Parks," application of the TCPA amendment would further Congress's intent to allow telephone calls to be placed in the furtherance of collecting debts owed to or guaranteed by the United States.  Accordingly, the court finds that the TCPA amendment does indeed exempt the calls allegedly placed by defendant, and as a result, defendant's motion for summary judgment is GRANTED.  Because the retroactivity issue is dispositive, the court need not reach the other two issues raised in defendant's motion.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated:  March 31, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge