**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEIL SILVER, on behalf of himself and all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, DBA FedLoan Servicing, <br><br> Defendant-Appellee. | No.   16-15664 <br><br> D.C. No. 4:14-cv-00652-PJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and SIMON,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Plaintiff Neil Silver appeals from the district court's order granting summary judgment to Defendant Pennsylvania Higher Education Assistance Agency (PHEAA). We have jurisdiction under 28 U.S.C. § 1291.[1]

1. Silver first argues that the district court erred in retroactively applying an exception to the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, enacted during the pendency of this case. We agree. The Supreme Court has adopted a three part test for determining whether a statute should be given retroactive effect. *E.g.*, *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1187-88 (9th Cir.) (identifying and applying the three-part test articulated in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994)), *cert. denied*, 137 S. Ct. 113 (2016).

The first step of the inquiry requires an examination of the statute to determine if Congress has expressly stated when the provision is to go into effect. *Id.* at 1187. All parties agree there is no express statement in this statute.

The second step asks whether the statute has a retroactive affect that would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."

---

[1] The parties briefly argued over Silver's standing in their briefs, but the alleged standing issue was conclusively resolved in favor of Silver's standing by this court's recent decision in *Van Platten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (concluding that "a violation of the TCPA is a concrete, *de facto* injury").

*Landgraf*, 511 U.S. at 280. The district court found that applying the TCPA amendment retroactively would not implicate this step. We disagree. This case involves a statutory personal injury claim that had accrued prior to the date Congress enacted the TCPA amendment at issue. Ninth Circuit law is clear that retroactively extinguishing a personal claim that has already accrued implicates the strong presumption against retroactivity under *Landgraf*. *E.g.*, *Beaver*, 816 F.3d at 1188 (holding that "impair[ing p]laintiffs' right to bring suit" where that right was "possessed and exercised prior to [an] amendment's passage" is "enough to show the [a]mendment would have retroactive effect within the meaning of *Landgraf* whether or not this qualifies the rights as 'vested'").

Moreover, under the third step of the analysis, we find no clear indication that Congress intended to override this strong presumption against retroactivity. The fact that the amendments were in the national interest of collecting debts owed to or secured by the government establishes the purpose for enacting the law, but it does little to show that Congress "affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." *Id.* (quoting *Landgraf*, 511 U.S. at 272-73).

2. Reviewing the alternative grounds to affirm, we conclude that disputed issues of material fact preclude summary judgment on each of the alternative grounds presented.

Accordingly, we reverse the entry of summary judgment and remand for further proceedings consistent with this memorandum.

**REVERSED and REMANDED**.